IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BEN PURSCELL, | ) |
| Plaintiff, | ) Case No. 2:12-CV-04039-NKL |
| v. | ) |
| TICO INSURANCE COMPANY | ) |
| AND | ) |
| INFINITY ASSURANCE COMPANY, | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is the Motion to Dismiss filed by Defendant TICO Insurance Company and Defendant Infinity Assurance Insurance Company (collectively "TICO") against Counts II and IV of Plaintiff Ben Purscell's Complaint. For the following reasons, the Court GRANTS the Motion.

**I.  Background**

Purscell's complaint arises out of an automobile accident occurring in May 2006 in Pettis County, Missouri, in which a vehicle owned by Purscell collided with a vehicle occupied by Timothy Carr and Amy Carr. The Carrs filed suit in the Circuit Court of

1

Pettis County in July of 2006 against Purscell for injuries sustained in the accident. In January of 2008, a jury assessed 50% of the fault for causing the accident against Purscell, and entered a judgment against Purscell for the sum of $415,000 for Timothy Carr and $37,500 for Amy Carr.

At the time of the accident, Purscell was insured by an automobile insurance policy issued by TICO. The limits of the liability coverage for the policy were $25,000 per person and $50,000 per accident. TICO hired an attorney to defend Purscell against the claims brought by the Carrs and has exhausted its coverage limit in payment of settlements and judgments of claims against Purscell arising out of the accident.

Purscell now brings a "failure to settle" claim against TICO, alleging that TICO failed to settle the claims asserted by the Carrs and should be held liable in excess of its coverage limits to pay the entire judgments plus additional damages. Purscell's Second Amended Petition for Damages includes four counts, including "bad faith failure to settle" (Count I); "negligent failure to settle" (Count II); "breach of fiduciary duty" (Count III); and "breach of contract" (Count IV). In its current Motion, TICO seeks dismissal of Counts II and IV.

**II. Discussion**

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The

purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### A. Count II

TICO argues that Purscell's "negligent failure to settle" claim should be dismissed because Missouri courts explicitly do not recognize the viability of this cause of action. Upon review of Missouri law, the Court agrees. The Supreme Court of Missouri has expressly rejected the existence of a "negligent failure to settle" claim and instead requires that a plaintiff show "bad faith" on the part on an insurer. *Zumwalt v. Utilities Ins. Co.*, 228 S.W.2d 750, 753 (Mo. 1950). Purscell points out that some other states are starting to hold insurers liable in negligence for failing to settle claims against their insured. However, Missouri has thus far declined to follow this trend and still requires a showing of bad faith by the insurer. *See Truck Ins. Exch. v. Prairie Framing*, LLC, 162 S.W.3d 64, 94 (Mo. Ct. App. 2005); *Landie v. Century Indem. Co.*, 390 S.W.2d 558, 563 (Mo. Ct. App. 1965) ("[R]ecovery for failure to settle in an appropriate case is based on tort committed by the company when it acts in bad faith in refusing to settle. This

3

recovery is not based on negligence and it is not based on contract." ).

Purscell tries to avoid this precedent by pointing to Missouri case law in which third parties have successfully sued insurers for negligent misrepresentation and negligence. He states that it would be "nonsensical that Missouri law would allow third parties a cause of action against an insurer for negligently handling a claim, but to not recognize a negligence claim by the insured against the insurer for the exact same conduct." [Doc. # 18 at 6]. However, the negligent misrepresentation case cited by Purscell is inapposite to a claim involving a negligent failure to settle. That case, *Richey v. Philipp*, 259 S.W.3d 1 (Mo. Ct. App. 2008), did not involve claims that the insurer negligently failed to settle a claim against its insured. Instead, Richey's claim involved injuries he suffered after falling off his sister's roof when trying to remove a tree limb. His sister's homeowner insurance company had assured her that removal of a limb was not covered by her policy, when in fact it was. As a result of the misrepresentation concerning the coverage of the policy, the sister asked her brother for help removing the limb. He fell off the roof in the process and was seriously injured. This factual difference is key because the Missouri court explicitly stated: " to the extent that Philipp and American Family are concerned that our holding regarding proximate cause and duty will "bring a sea change to Missouri law," we feel compelled to stress... that our holding is limited strictly to the circumstances of this case." *See Id.* at 14. Because Missouri courts have made clear that the duty of the insurance company to the insured when making settlement offers is a common law duty to act in good faith, and because the *Richey,* was strictly limited to its facts, the Court finds that a Missouri

4

court faced with this same issue would not extend *Richey* to permit a claim for negligent misrepresentation in the context of the settlement of a tort claim against the insured.

**B.     Count IV**

Purscell also asserts a breach of contract claim against TICO in failing to fulfill its contractual obligations to "investigate, assess, evaluate and settle claims against the Plaintiff." [See Complaint, Doc. # 1-1, 39-40]. However, as TICO argues, Missouri does not recognize a claim for breach of contract against an insurer for failing to settle. An insurer's duty to defend its insured, which is contractual in nature, is treated by Missouri courts as a distinct issue from the same insurer's duty to settle within the policy limits when it has the chance to do so. *Ganaway v. Shelter Mut. Ins. Co.*, 795 S.W.2d 554, 556 (Mo. Ct. App. 1990). When an insurer has failed to settle, the action sounds in tort, not breach of contract. *Prairie Framing*, 162 S.W.3d at 94; *see also Overcast v. Billings Mut. Ins. Co.* 11 S.W.3d 62, 67 (Mo. 2000) ("While an insurance contract is the basis for the relationship between the insurer and its insured, 'bad faith' liability in handling third party claims is premised on tort concepts"); *Quick v. National Auto Credit*, 65 F.3d 741, 744 (8th Cir. 1995) ("In Missouri, a breach of the duty to settle sounds in tort."). While Purscell argues that he is allowed to plead contract and tort claims simultaneously, this is only true if both claims are cognizable under Missouri law. As a contractual claim for breach of an insurer's duty to settle is precluded under Missouri law, and instead must be brought in tort, Purscell's claim that TICO breached its contractual duty to settle must be dismissed. Since the factual allegations surrounding the breach of contract claim all

5

involve TICO's alleged failure to settle, rather than any apparent failure to defend during the lawsuit, Purscell has failed to allege a viable breach of contract claim.

## III. Conclusion

For the forgoing reasons, the Motion to Dismiss filed by Defendant TICO is GRANTED. Counts II and IV of Plaintiff Ben Purscell's Complaint are dismissed.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 29, 2012  
Jefferson City, Missouri